09-4571-cr
*USA v. Delva*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of November, two thousand ten.

PRESENT:   ROGER J. MINER
                     CHESTER J. STRAUB
                     DEBRA ANN LIVINGSTON,
                                    *Circuit Judges*.

_____

UNITED STATES OF AMERICA,
                 *Appellee*,

     -v.-                                              No. 09-4571-cr

REGINALD FLEURIMONT, JOSEPH ANDRE JEUNE, also known as Mazou, FENOL BERNADEL, also known as Macaya, ALIX HYPOLITE,
                 *Defendants*,

GESNER DELVA, also known as Ti Blan,
                 *Defendant-Appellant*.

_____

                                    ROBERT RATLIFF, Ratliff Legal Group, Mobile, Alabama, and
                                    Alan Nelson, Lake Success, New York, New York, *for Defendant-
                                    Appellant*.

                                    WHITMAN G.S. KNAPP, Assistant United States Attorney (Susan
                                    Corkery, Assistant United States Attorney, *on the brief*), *for* Loretta
                                    E. Lynch, United States Attorney, Eastern District of New York,
                                    Brooklyn, New York, *for Appellee*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** that the judgment of the district court be **AFFIRMED**.

Defendant-Appellant Gesner Delva ("Delva") appeals from an October 15, 2009 judgment of the United States District Court for the Eastern District of New York (Block, *J.*), convicting him, after trial by jury, of conspiracy to import cocaine, in violation of 21 U.S.C. §§ 952(a), 963, and 960(b)(1)(B)(ii), conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(ii)(II), and cocaine importation, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(1)(B)(ii), and sentencing him to 293 months' imprisonment, followed by five years' supervised release, as well as special assessments totaling $300. We assume the parties' familiarity with the underlying facts and procedural history of the case.

On appeal, Delva advances two claims of error. He asserts that the district court erred by (1) refusing to hold a hearing as to Delva's post-conviction, pre-sentencing claim that he had received ineffective assistance of counsel, due to his trial counsel's alleged failure to permit him to testify in his defense, and (2) refusing to vacate his conviction and grant him a new trial on the same grounds. We review a district court's decision not to hold a full-blown testimonial hearing under such circumstances for abuse of discretion. *United States v. Brown*, — F.3d —, 2010 WL 4069002, at *5 (2d Cir. Oct. 19, 2010). Similarly, "we review motions for a new trial under an abuse-of-discretion standard." *United States v. Rigas*, 583 F.3d 108, 125 (2d Cir. 2009) (internal quotation marks omitted); *see also United States v. Sasso*, 59 F.3d 341, 350 (2d Cir. 1995) ("We will not reverse the denial of a new-trial motion or the refusal to conduct an evidentiary hearing absent an abuse of discretion.").

In *United States v. Brown*, we held, as a matter of first impression, that a district court is not required to defer consideration of a post-conviction, pre-sentencing claim of ineffective assistance

to a post-judgment habeas petition pursuant to 28 U.S.C. § 2255. *Brown*, 2010 WL 4069002 at \*7. In that case, we determined that the district court had abused its discretion in failing to hold such a hearing, and noted that "when a claim of ineffective assistance of counsel is first raised in the district court prior to the judgment of conviction, the district court may, and at times should, consider the claim at that point in the proceeding." *Id.* at \*6. It is clear, however, that *Brown* does not require as a categorical matter that district courts grant a full-blown testimonial hearing in response to all such claims. *See id.* To the contrary, we expressly noted that "district courts face competing considerations in deciding whether it is appropriate to inquire into the merits of such claims prior to judgment," including, *inter alia*, "potential disruption of the proceedings, especially if the attorney against whom the complaint is directed continues at the time to represent the defendant." *Id.*

Here, unlike in *Brown*, the circumstances surrounding Delva's claim of ineffective assistance of counsel support the district court's exercise of its discretion not to hold a testimonial hearing. For example, Delva was still represented by the purportedly ineffective counsel at the time the district court considered the claim, and relieving that counsel would have caused unnecessary hardship, delay, and expense. Moreover, whereas the trial counsel in *Brown* "equivocated" as to the allegations of ineffectiveness when questioned by the court, *see id.* at \*7, Delva's counsel expressly denied any ineffectiveness, confirmed that he had informed Delva of his right to testify, and articulated clear, sensible, strategic reasons for his decision to advise Delva against testifying. In *Brown*, we emphasized the multiple factors—the "special circumstances" of that case—that "indicate[d] the facial plausibility of [the defendant's] ineffective assistance claim and militate[d] against the district court's decision to postpone addressing [that] claim." *Id.* Here, by contrast,

3

Delva's claim of ineffective assistance was implausible on its face and comprised solely conclusory allegations contradicted by the court's questioning of him, his trial counsel, and the interpreter who had been present at his meetings with counsel. Under such circumstances, we cannot conclude that the district court erred in refusing to hold a full-blown testimonial hearing. Rather, on the record presented, it was "within the district court's discretion to choose a middle road that avoided the delay, the needless expenditure of judicial resources, the burden on trial counsel and the government, and perhaps the encouragement of other . . . baseless claims that would have resulted from a full testimonial hearing." *United States v. Chang*, 250 F.3d 79, 86 (2d Cir. 2001).

Having determined that the district court did not err in refusing to grant Delva a full testimonial hearing, we nonetheless must proceed to consideration of whether it is appropriate to address the merits of Delva's claim of ineffective assistance on direct appeal. When presented with a claim of ineffective assistance of counsel on direct review, we may "(1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus [pursuant to 28 U.S.C. § 2255]; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before the Court." *United States v. Morris*, 350 F.3d 32, 39 (2d Cir. 2003). We are mindful that we begin with a "baseline aversion to resolving ineffectiveness claims on direct review," *United States v. Salameh*, 152 F.3d 88, 161 (2d Cir. 1998), and that, in most cases, "a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Nevertheless, we believe that this is a suitable case in which to address the merits of the ineffective assistance claim on direct appeal. We have held that this course of action is appropriate where "the factual record is fully developed and resolution of the Sixth Amendment claim on direct

4

appeal is beyond doubt or in the interest of justice." *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004) (internal quotation marks omitted); *see also United States v. Williams*, 205 F.3d 23, 35 (2d Cir. 2000) (noting that we may undertake direct review of ineffective assistance claims where "(1) . . . the defendant has a new counsel on appeal; and (2) argues no ground of ineffectiveness that is not fully developed in the trial record"). Here, Delva is represented by new counsel on appeal and, for the reasons discussed below, the trial record fully permits resolution of Delva's claim. Consideration of that claim on direct appeal is, therefore, appropriate.

In order to prevail on his claim of ineffective assistance, Delva "must show both that his counsel's performance was deficient as measured by objective professional standards, and that this deficiency prejudiced his defense." *Purdy v. United States*, 208 F.3d 41, 44 (2d Cir. 2000). There is a "strong presumption" in favor of the reasonableness of counsel's performance, which is to be "evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). Further, a showing of prejudice requires a "reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Strickland v. Washington*, 466 U.S. 668, 697 (1984). Where a claim of ineffectiveness is easily disposed of based on a lack of prejudice, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.* at 697. Because we conclude that the record clearly demonstrates that Delva has failed to demonstrate such prejudice—*i.e.,* a reasonable probability that, had he been permitted to testify, the jury would not have convicted him—we reject his claim of ineffective assistance of counsel.

Delva argues, primarily, that because he testified at his first trial, which resulted in a hung

5

jury, his testimony at the second trial *ipso facto* would have precluded his conviction. The trial record, however, demonstrates that the evidence against Delva at his second trial was overwhelming. The Government's case included the testimony of no fewer than five cooperating witnesses, all of whom testified extensively to Delva's participation in the criminal enterprise at issue. Three of these witnesses—two of whom had longstanding personal relationships with Delva and had not testified at the first trial—identified his voice on incriminating telephone calls intercepted pursuant to a court-authorized wiretap. Far short of demonstrating the requisite prejudice, Delva's "proposed testimony . . . provide[s] no evidence of significance that is not wholly dependent on either his credibility or on the incredibility of the witnesses against him." *Rega v. United States*, 263 F.3d 18, 22 (2d Cir. 2001) (rejecting, based on a lack of prejudice, the defendant's claim that his trial counsel had refused to permit him to testify). Accordingly, Delva has not established a reasonable probability that, had he testified, the "the factfinder would have had a reasonable doubt respecting guilt," *Strickland*, 466 U.S. at 697, and his claim must fail.

We have considered all of Delva's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk