*Perez v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of December, two thousand fourteen.

PRESENT:

    GUIDO CALABRESI,
    BARRINGTON D. PARKER,
    DEBRA ANN LIVINGSTON,

                *Circuit Judges.*

_____

WILFREDO PEREZ,

             *Petitioner-Appellant*,

    -v.-                            No. 12-1511

UNITED STATES OF AMERICA,

             *Respondent-Appellee.*

_____

                  Aaron J. Romano, Naomi T. Fetterman, Aaron J. Romano, P.C., Bloomfield, CT, *for Petitioner-Appellant*.

                  William J. Nardini, Marc H. Silverman, Michael J. Gustafson, *on behalf of* Dierdre M. Daly, United States Attorney, District of Connecticut, *for Respondent-Appellee*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED.**

On January 29, 2004, a jury convicted Petitioner-Appellant Wilfredo Perez of conspiring to commit interstate murder-for-hire, interstate travel to commit murder-for-hire, murder in furtherance of a racketeering enterprise, and using a firearm during and in relation to a crime of violence that resulted in death. The district court (Arterton, *J.*) denied his motion for a new trial and sentenced him to life in prison. We affirmed the conviction, and the Supreme Court denied certiorari. *United States v. Perez*, 256 F. App'x 383 (2d Cir. 2007), *cert. denied*, 552 U.S. 1290 (2008). On January 9, 2009, Perez filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In the petition and a supporting memorandum, he argued, *inter alia*, that his attorney's failure to inform him of the right to testify on his own behalf deprived him of his Sixth Amendment right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984). The district court denied the petition without an evidentiary hearing and entered final judgment, deciding that "the record plainly demonstrates that [Perez] is unable to" show prejudice from his failure to testify at trial. *Perez v. United States*, No. 09-cv-30, 2012 WL 1067549, at *5 (D. Conn. March 30, 2012). Perez filed a notice of appeal on April 10, 2012. Afterwards, he moved for a certificate of appealability in district court and submitted affidavits describing what he would have testified to at trial. The district court noted that the affidavits would not alter its initial ruling, but granted certification on his ineffective assistance claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Under § 2255, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law." 28 U.S.C. § 2255(b). This standard

2

permits the district court to "determine[] whether, viewing the evidentiary proffers, where credible, and record in the light most favorable to the petitioner, the petitioner, who has the burden, may be able to establish at a hearing a *prima facie* case for relief." *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009). To establish a *prima facie* case of ineffective assistance, Perez must raise a colorable claim under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), by showing that "(1) his counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for the deficiency, the outcome of the proceeding would have been different." *Flores v. Demskie*, 215 F.3d 293, 300 (2d Cir. 2000) (internal quotation marks omitted). A petitioner's claim is not plausible if it "fails to meet either the performance prong or the prejudice prong." *Bennett v. United States*, 663 F.3d 71, 85 (2d Cir. 2011).

Where, as here, "the district court denied any form of an evidentiary hearing, our review of the district court's denial of a hearing is for clear error as to issues of fact, such as a district court's determination that the record precludes the claim, and *de novo* for issues of law." *Puglisi*, 586 F.3d at 215. The ultimate question "whether a defendant's lawyer's representation violates the Sixth Amendment right to effective assistance of counsel is a mixed question of law and fact and is reviewed *de novo*." *Chang v. United States*, 250 F.3d 79, 82 (2d Cir. 2001).

Perez's § 2255 petition and supporting memorandum fail to show how he was prejudiced by not testifying at trial, and thus do not state a plausible claim for relief that would warrant an evidentiary hearing. Even construing Perez's *pro se* petition "liberally," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006), it does not contain any allegations supporting the inference that the outcome of his trial would have changed had he taken the stand. Judge Arterton also concluded that Perez would have faced "withering cross-examination on his criminal history, membership in the Perez Organization, [and] motive to kill Mr. Casiano." *Perez*, 2012 WL

3

1067549, at *5. Having presided over Perez's trial as well as the trials of Perez's co-conspirators, the district court judge was "intimately familiar with the proceedings and the surrounding circumstances," and well-situated to make this determination. *Puglisi*, 586 F.3d at 214.

Even if they were appropriate to consider, Perez's new affidavits would not have changed the outcome of his petition.[1] Perez's affidavits claim that the government's cooperating witness, Oligabeth Berrios, planned and executed the murder that led to Perez's conviction. But at trial, the government presented testimony from cooperating witnesses that was "consistent on the core issues: that [Perez] was the person who authorized the murder of Casiano and Berrios made the arrangements . . . to commit the murder." *United States v. Perez*, 2004 WL 3556190, at *2 (D. Conn. 2004); *see also United States v. Fleurimont*, 401 F. App'x 580, 584 (2d Cir. 2010). This evidence was accepted not only by the jury at Perez's own trial but also at the trials of his co-conspirators. *See United States v. Perez*, 414 F.3d 302 (2d Cir. 2005); *United States v. Gonzalez*, 407 F. Supp. 2d 375 (D. Conn. 2005). Perez has "provided no evidence of significance that is not wholly dependent on either his credibility or the incredibility of the witnesses against him." *Rega v. United States*, 263 F.3d 18, 22 (2d Cir. 2001). And Judge Arterton, who presided over all of the trials, was well within her authority to decide that his proposed testimony could not reasonably be found credible in light of the cross-examination the government could conduct and the trial record. *See Perez*, 2012 WL 1067549, at *5. Perez has therefore failed to present a plausible ineffective assistance claim that would entitle him to even an evidentiary hearing. Since proving an ineffectiveness claim requires an even more substantial showing, the district court correctly dismissed his § 2255 petition.

---

[1] We need not, and do not, decide whether a district court has jurisdiction to decide a motion for a certificate of appealability, or to consider new evidence submitted in connection with such a motion, after the petitioner has already filed a notice of appeal.

4

We have considered Perez's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk