09-5014-cr
USA v. Hossaini

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 28th day of January, two thousand eleven.

Present:    RALPH K. WINTER,
            ROBERT A. KATZMANN,
            DEBRA ANN LIVINGSTON,
                    *Circuit Judges*,

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

                    - v -                              No. 09-5014-cr

WAHIDULLAH HOSSAINI,

                    *Defendant-Appellant*.

_____

For Defendant-Appellant:        B. ALAN SEIDLER, ESQ., New York, N.Y.

For Appellee:                   JACQUELYN M. RASULO (Jo Ann M. Navickas, *of counsel*), Assistant United States Attorney, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Dearie, *C.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Wahidullah Hossaini appeals from a November 19, 2009 judgment of the United States District Court for the Eastern District of New York (Dearie, *C.J.*), following a jury verdict convicting him of (1) conspiring to distribute and possess with intent to distribute oxycodone and hydrocodone, in violation of 21 U.S.C. §§ 846, 841(a), 841(b)(1)(C), and 841(b)(1)(D); and (2) distribution and possession with intent to distribute oxycodone and hydrocodone, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 841(b)(1)(D). We assume the parties' familiarity with the underlying facts, procedural history of this case, and the specification of issues on appeal.

Hossaini first contends that there was insufficient evidence to sustain his conviction. Specifically, he argues that there was "no evidence" that he "knowingly filled fake prescriptions," nor that he "solicited the criminal prescriptions, or that he was paid additionally for filling [them]." Def. Br. at 18. "To be guilty of conspiracy, 'there must be some evidence from which it can reasonably be inferred that the person charged with conspiracy knew of the existence of the scheme alleged in the indictment and knowingly joined and participated in it.'" *United States v. Morgan*, 385 F.3d 196, 206 (2d Cir. 2004) (quoting *United States v. Gaviria*, 740 F.2d 174, 183 (2d Cir. 1984)). Because Hossaini failed to object on this ground below, his sufficiency challenge is reviewed for plain error. *See, e.g.*, *United States v. Allen*, 127 F.3d 260, 264 (2d Cir. 1997) ("To preserve the sufficiency issue and avoid the burden of showing plain

2

error, a defendant must have moved for judgment of acquittal either at the close of all the evidence pursuant to Rule 29(a) *or* post-trial in a motion pursuant to Rule 29(c).").  "For plain error, we must find (1) error, (2) that is plain, and (3) that affects substantial rights; if these three conditions are met, we have discretion to notice the forfeited error only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Dorvee*, 616 F.3d 174, 180 n.2 (2d Cir. 2010).  Even had this claim been preserved, Hossaini would "bear[] a heavy burden because a reviewing court must consider the evidence 'in the light most favorable to the prosecution' and uphold the conviction if '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Aguilar*, 585 F.3d 652, 656 (2d Cir. 2009) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

We find that there was more than sufficient evidence from which the jury could reasonably conclude that Hossaini knowingly conspired to and did in fact distribute narcotics. For example, the evidence at trial included: (1) Hossaini's handwritten notations — verified by the government's handwriting expert — on fraudulent prescriptions that he had verified the prescriptions, and testimony from the doctors who purportedly wrote the fraudulent prescriptions that Hossaini had not contacted them; (2) evidence that Hossaini had continued to fill prescriptions purportedly written by Dr. Iandoli after the DEA had flagged the suspicious nature of those prescriptions to Hossaini; and (3) testimony from one of the addicts for whom Hossaini had filled fraudulent prescriptions that Hossaini had warned him when law enforcement agents were in the vicinity of the pharmacy.  Accordingly, Hossaini's sufficiency challenge is unavailing.

Hossaini next argues that he received ineffective assistance of counsel at trial. "To prove such ineffective assistance, a defendant must show: (1) 'that counsel's representation fell below an objective standard of reasonableness'; and (2) 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Brown*, 623 F.3d 104, 112 (2d Cir. 2010) (quoting *Pham v. United States*, 317 F.3d 178, 182 (2d Cir. 2003) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984))). When an ineffective assistance claim is raised on direct appeal, we may "(1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent 28 U.S.C. § 2255 petition; (2) remand the claim to the district court for necessary fact-finding; or (3) decide the claim on the record before us." *Id.* at 112-13 (quoting *United States v. Hasan*, 586 F.3d 161, 170 (2d Cir. 2009)). "[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." *Massaro v. United States*, 538 U.S. 500, 504 (2003). In the instant case, we conclude that the factual record before us is insufficiently developed to allow us to resolve Hossaini's ineffective assistance claim, and we accordingly decline to hear it on direct review. We conclude that "a collateral proceeding under section 2255 provides the defendant with an ample remedy for any ineffectiveness claim," while also promoting "judicial economy . . . by requiring the district court to await the defendant's collateral section 2255 motion before addressing his ineffectiveness claim." *United States v. Doe*, 365 F.3d 150, 154 (2d Cir. 2004).

Hossaini also challenges the substantive reasonableness of his sentence. Our review of his sentence for reasonableness "amounts to review for abuse of discretion." *United States v. Cavera*, 550 F.3d 180, 187 (2d Cir. 2008) (en banc) (citing *Gall v. United States*, 552 U.S. 38, 46

4

(2007)).  Substantive determinations shall be set aside "only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'"  *Id.* at 189 (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)).  "[W]e do not presume that a Guidelines-range sentence is reasonable," but rather "take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts."  *Id.* at 190.  "Generally, '[i]f the ultimate sentence is reasonable and the sentencing judge did not commit procedural error in imposing that sentence, we will not second guess the weight (or lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor.'"  *United States v. Pope*, 554 F.3d 240, 246-47 (2d Cir. 2009) (alteration in original) (quoting *United States v. Fernandez*, 443 F.3d 19, 34 (2d Cir. 2006)).  Hossaini argues that his below-Guidelines sentence of 84 months' imprisonment is too harsh for a first-time offender with his background.  However, the district court was conscious of the facts about Hossaini's background and the mitigating factors to which he now points, and the judge went to great lengths, including consulting with two colleagues, in order to craft a reasonable sentence.  We conclude that the district court gave great consideration to this exercise of its discretion, and the resulting sentence is not unreasonable.

Finally, Hossaini challenges the denial of his two motions to suppress evidence — including prescriptions for oxycodone and hydrocodone, patient and doctor controlled substance dispensing histories, and inventory reports — taken during various administrative visits to his pharmacy.  "When considering a challenge to the resolution of a suppression motion, we review findings of fact for clear error and legal questions *de novo*."  *United States v. Stewart*, 551 F.3d 187, 190-91 (2d Cir. 2009).  We view the facts in the light most favorable to the government.

5

*United States v. Casado*, 303 F.3d 440, 443 (2d Cir. 2002). Hossaini argues that the DEA conducted two administrative visits in June and July 2005 without presenting the statutorily required Notice of Inspection form to obtain his consent, and that by September 2005, the administrative inspection was being conducted in bad faith to obtain evidence for a parallel criminal investigation. The only evidence supporting Hossaini's contention that two unauthorized inspections occurred prior to the documented administrative inspection in August 2005 is his sister's testimony at the suppression hearing, which was contrary to the evidence and testimony presented by the government at that hearing. The district court's weighing of the witnesses' credibility and its implicit conclusion in denying suppression that no such unauthorized inspections occurred is the sort of finding that is deferentially reviewed, and the district court's conclusion — crediting the testimony of the government witnesses — is not clearly erroneous. With respect to the alleged bad faith stemming from the concurrent investigations, it is entirely permissible for the government to conduct administrative searches for dual administrative and criminal purposes; to find otherwise would require the government to choose between its means of protecting the public and would undermine the regulatory scheme that authorizes administrative investigations. *See United States v. Gel Spice Co.*, 773 F.2d 427, 432 (2d Cir. 1985). The evidence supports the conclusion that the administrative investigation was legitimately begun in response to a report from a pharmaceutical company about Hossaini's unusual ordering of oxycodone and hydrocodone; there is no evidence of bad faith. Accordingly, the denial of the suppression motions was proper.

We have considered all of Hossaini's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK