10-2647-cr
USA v. Tribble

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 14th day of November, two thousand eleven.

Present:     JOHN M. WALKER, JR.,
             ROBERT A. KATZMANN,
             RICHARD C. WESLEY,
                        *Circuit Judges.*
_____

UNITED STATES OF AMERICA,

                *Appellee*,

                - v -                                    No. 10-2647-cr

RICHARD TRANTHAM, AKA KB, TORIANO TRANTHAM,

                *Defendants*,

IZZADINE TRIBBLE, AKA IZZY,

                *Defendant-Appellant*.
_____

For Defendant-Appellant:        MICHAEL ANTHONY MARINACCIO, Culleton &
                                Marinaccio, White Plains, N.Y.

For Appellee:                   LICHA M. NYIENDO (Emily Berger, *on the brief*),
                                Assistant United States Attorney, *for* Loretta E. Lynch,
                                United States Attorney for the Eastern District of New
                                York, Brooklyn, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Weinstein, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Izzadine Tribble appeals from a June 23, 2010 judgment of the United States District Court for the Eastern District of New York (Weinstein, *J.*) convicting defendant, following a jury trial, of one count of conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951(a), and one count of possession of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i).  We assume the parties' familiarity with the underlying facts and procedural history of this case.

Tribble first challenges the sufficiency of the evidence against him on Count 1, which charged him with conspiracy to rob a drug trafficker in Queens.  On such a challenge, a defendant "bears a heavy burden because a reviewing court must consider the evidence 'in the light most favorable to the prosecution' and uphold the conviction if '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  *United States v. Aguilar*, 585 F.3d 652, 656 (2d Cir. 2009) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  "To be guilty of conspiracy, 'there must be some evidence from which it can reasonably be inferred that the person charged with conspiracy knew of the existence of the scheme alleged in the indictment and knowingly joined and participated in it.'"  *United States v. Morgan*, 385 F.3d 196, 206 (2d Cir. 2004) (quoting *United States v. Gaviria*, 740 F.2d 174, 183 (2d Cir. 1984)).

Tribble contends that there existed two independent conspiracies: an abandoned scheme

to rob a stash house in Washington Heights, in which he joined, and the scheme to rob a stash house in Queens, for which he was convicted. He argues that there was insufficient evidence to establish that he knowingly engaged in the latter scheme. Although Tribble was not present at the recorded February 15, 2007 meeting during which the changed location of the planned robbery was discussed, the evidence is nonetheless more than sufficient to support the finding that he joined in the conspiracy for which he was convicted. In particular, Tribble's black Maxima was observed leaving the meeting location on February 15 shortly before the recorded meeting; co-defendant Richard Trantham stated during the February 15 meeting that Tribble would act as the driver during the robbery; and, on February 21, the night of the planned robbery, Tribble arrived at the rendezvous point in Queens and brought duffel bags, consistent with the plan that was discussed on February 15.

Tribble next argues that the indictment was constructively amended or prejudicially varied by the evidence presented at trial. A constructive amendment challenge is reviewed *de novo*, and constructive amendment is a *per se* violation of the Fifth Amendment's Grand Jury Clause requiring reversal. *United States v. Rigas*, 490 F.3d 208, 225-26 (2d Cir. 2007). "An indictment has been constructively amended '[w]hen the trial evidence or the jury charge operates to broaden[ ] the possible bases for conviction from that which appeared in the indictment.'" *Id.* at 225 (quoting *United States v. Milstein*, 401 F.3d 53, 65 (2d Cir. 2005)) (alterations in original) (internal quotation marks omitted). In contrast, "'[a] variance occurs when the charging terms of the indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment.' A defendant alleging variance must show 'substantial prejudice' to warrant reversal." *Id.* at 226 (alteration in original) (quoting *United States v. Salmonese*, 352 F.3d 608, 621 (2d Cir. 2003)) (other citations

3

and internal quotation marks omitted).  "[W]e will reverse on account of a variance only if it prejudices the defendant by infringing on the 'substantial rights' that indictments exist to protect—'to inform an accused of the charges against him so that he may prepare his defense and to avoid double jeopardy.'"  *United States v. Kaplan*, 490 F.3d 110, 129 (2d Cir. 2007) (quoting *United States v. Dupre*, 462 F.3d 131, 140 (2d Cir. 2006)).  In evaluating substantial prejudice where the proof showed multiple conspiracies, the essential question is whether "the evidence proving the conspiracies in which the defendant did *not* participate prejudiced the case against him in the conspiracy to which he *was* a party."  *United States v. Johansen*, 56 F.3d 347, 351 (2d Cir. 1995).

This challenge is essentially a variation on Tribble's sufficiency challenge, as Tribble once again contends that the government's evidence at trial established only his involvement in the uncharged conspiracy to commit a robbery in Washington Heights, not the Queens conspiracy for which he was indicted.  Accordingly, for the same reasons that we find the evidence sufficient to sustain the Count 1 conviction, we conclude that the evidence did not constructively amend or prejudicially vary the indictment.

Tribble also contends that the district court erred in its instructions to the jury on aiding and abetting liability under § 924(c), the Count 2 firearm charge.  Although jury instructions are reviewed generally *de novo*, reversing only if the defendant was prejudiced by the instructions as a whole, *United States v. Applins*, 637 F.3d 59, 72 (2d Cir. 2011), unobjected-to instructions will be reviewed for plain error, *United States v. Wolfson*, 642 F.3d 293, 294 (2d Cir. 2011) (per curiam).

The district court instructed the jury on three theories of § 924(c) liability: (1) personally carrying or possessing the firearm; (2) aiding and abetting the principal; or (3) entering a

4

conspiracy that implied a gun would be used, and a co-conspirator used or possessed the firearm

(so-called *Pinkerton* liability), *see Pinkerton v. United States*, 328 U.S. 640 (1946). With respect

to aiding and abetting liability, the district court set forth three questions for the jury to answer:

> Was the crime of carrying a firearm in relation to the commission of or possession of a firearm in furtherance of the crime charged in Count One [robbery conspiracy]?

> Did the defendant participate in the crimes charged in Counts One and Two as something he wished to bring about?

> Did he seek by his actions to make the criminal venture succeed?

App. 784. The jury was then instructed that "[i]f your answer is no to any of those questions as

to a particular defendant, you must find that the defendant was not guilty of aiding and abetting

charged in Count Two." *Id.* During jury deliberations, the district court received a jury question

asking "[i]f there's no evidence that a defendant had knowledge that a gun was in the car, could

that defendant be guilty of Count [Two]?" App. 851. In response, the district court essentially

reread its original instruction questions, stating "[i]f your answer is yes to all of those, you can

find that the defendant was an aider and abettor. If the answer is no, you can't find him guilty."

App. 858.

Tribble argues that the district court's post-jury statement erroneously suggested that it

was necessary to answer all three questions in the negative to find him not guilty. Although

defense counsel objected to the rereading of the instructions in answer to the jury question,

counsel did not object to the specific wording used, and accordingly plain error review is

applicable. The district court's initial instruction was unambiguously clear and legally correct,

and the second instruction, even if marginally ambiguous, would not have prejudiced Tribble

because it was clear even in that instruction that all three questions had to be answered in the

5

affirmative to convict him for aiding and abetting.

Tribble next argues that the prosecution engaged in misconduct (1) by presenting inaccurate testimony from Detective Eugene as to whether Tribble was present at the February 21 meeting, and (2) by misleadingly failing to mention the proposed locations discussed during the February 1 and subsequent meetings, instead referring interchangeably to "the apartment" or "the robbery." "In determining whether an inappropriate remark amounts to prejudicial error, we look to 'the severity of the misconduct, the measures adopted to cure the misconduct, and the certainty of conviction absent the misconduct.'" *United States v. Caracappa*, 614 F.3d 30, 41 (2d Cir. 2010) (quoting *United States v. Spinelli*, 551 F.3d 159, 170 (2d Cir. 2008)). "We will reverse on the ground of prosecutorial misconduct only if that misconduct caused 'substantial prejudice by so infecting the trial with unfairness as to make the resulting conviction a denial of due process.'" *United States v. Whitten*, 610 F.3d 168, 202 (2d Cir. 2010) (quoting *United States v. Elias*, 285 F.3d 183, 190 (2d Cir. 2002)). In light of the evidence supporting his conviction on the conspiracy count, as discussed above, Tribble has failed to establish the requisite prejudice from any purported misconduct.

Tribble next contends that the district court improperly admitted the handwritten note containing the address of the Queens rendezvous point that was found in the search of his black Maxima. In reviewing the denial of a motion to suppress, "[w]e review the district court's factual findings for clear error, viewing the evidence in the light most favorable to the government, and its legal conclusions *de novo*." *United States v. Rosa*, 626 F.3d 56, 61 (2d Cir. 2010). The automobile exception to the Fourth Amendment's warrant requirement "permits law enforcement to conduct a warrantless search of a readily mobile vehicle where there is probable cause to believe that the vehicle contains contraband." *United States v. Navas*, 597 F.3d 492,

6

497 (2d Cir. 2010). We find no error in the district court's conclusion that this exception applied because the Maxima was readily movable and had been used to transport at least one conspirator to multiple meetings, as well as the duffel bags that were to be used to transport the cash and drugs that were to be stolen.

Finally, Tribble argues that his trial counsel was ineffective in failing to (1) move for severance, (2) cross-examine his co-defendants, and (3) argue the multiple conspiracies defense that he emphasizes on appeal. "To prove such ineffective assistance, a defendant must show: (1) 'that counsel's representation fell below an objective standard of reasonableness'; and (2) 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Brown*, 623 F.3d 104, 112 (2d Cir. 2010) (quoting *Pham v. United States*, 317 F.3d 178, 182 (2d Cir. 2003). Although we prefer not to address ineffective assistance claims for the first time on direct appeal, *see Brown*, 623 F.3d at 112, we find that the record is sufficiently clear for this challenge to be rejected now. We conclude that the decisions not to cross-examine Tribble's co-defendants or to argue the multiple conspiracies theory are the sorts of legitimate strategic choices that do not give rise to an ineffective assistance claim. *See Strickland v. Washington*, 466 U.S.668, 681 (1984). Nor did the failure to move for severance amount to ineffective assistance, as the Tranthams went back and forth on whether they would invoke the entrapment defense and Tribble has not established that the motion would have been granted or that he was otherwise prejudiced.

We have considered Tribble's remaining arguments and find them to be without merit.

Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk