10-288-cr
*United States v. Jason Shola Akande*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of November, two thousand eleven.

PRESENT:

       JOSÉ A. CABRANES,
       CHESTER J. STRAUB,
       DEBRA ANN LIVINGSTON,
              *Circuit Judges.*

---

United States of America,

      *Appellee,*

          v.                                     No. 10-288-cr

Samuel Carter, Jr.,

      *Defendant,*

Jason Shola Akande,

      *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | TINA SCHNEIDER, Portland, ME. |
| **FOR APPELLEE:** | GEOFFREY M. STONE, (Sandra S. Glover, Assistant U.S. Attorney, and David B. Fein, U.S. Attorney, *on the brief*), United States Attorney's Office for the District of Connecticut. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Robert N. Chatigny, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-appellant Jason Shola Akande ("Akande") appeals from a January 20, 2010 judgment of conviction entered by the District Court, convicting him, following a jury trial, on charges of conspiracy to commit passport fraud in violation of 18 U.S.C. § 371, passport fraud in violation of 18 U.S.C. § 1542, and making false statements to immigration authorities in violation of 18 U.S.C. § 1001. We assume the parties' familiarity with the underlying facts and procedural history of this case.

On appeal, Akande raises two issues in his counseled briefs and numerous additional issues in a supplemental brief submitted *pro se*. First, Akande argues that the District Court erred by denying his motion to sever the passport fraud and false statement charges against him. Second, Akande argues that certain statements in the government's summations caused him substantial prejudice. In his *pro se* supplemental brief, Akande also argues that (1) the District Court erred by rejecting his requests to introduce evidence to support his theory of a wide-ranging conspiracy against him; (2) that stand-by counsel appointed by the District Court infringed his right to self-representation; (3) that the government introduced "forged" state motor vehicle records and grand jury subpoenas; (4) that the District Court erred by permitting his wife, Chastidy Williams, to testify, and by admitting his handwritten letters to Williams; (5) that the government "selectively prosecuted" him for making false statements to the immigration authorities while not indicting Williams; (6) that the District Court erred by admitting his immigration file; and (7) that he received ineffective assistance from his appointed counsel, who allegedly failed to advise him of the immigration consequences of a jury trial. Counsel on this appeal, appointed under the Criminal Justice Act, 18 U.S.C. § 3006A, did not represent Akande at trial, as Akande chose to proceed *pro se*.

*The Propriety of Joinder*

Rule 8(a) of the Federal Rules of Criminal Procedure provides for joinder of offenses when they are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). "The propriety of Rule 8 joinder raises a question of law subject to *de novo* review." *United States v. Feyrer*, 333 F.3d 110, 113 (2d Cir. 2003). We review the denial of a Rule 8 motion according to a "twofold inquiry: whether joinder of the counts was proper, and if not, whether misjoinder was prejudicial to the defendant." *United States v. Rivera*, 546 F.3d 245, 253 (2d Cir. 2008) (quoting *United States v. Ruiz*, 894 F.2d 501, 505 (2d Cir. 1990)).

Rule 14(a) of the Federal Rules of Criminal Procedure provides that where joinder of offenses for trial "appears to prejudice a defendant or the government, the court may order separate trials of counts . . . or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). We review the denial of a Rule 14(a) motion for abuse of discretion, and do not reverse "unless the defendant demonstrates that the failure to sever caused him substantial prejudice in the form of a miscarriage of justice." *Rivera*, 546 F.3d at 253 (quoting *United States v. Sampson*, 385 F.3d 183, 190 (2d Cir. 2004) (internal quotation marks omitted)); *see Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining "abuse of discretion").

In this case, Akande argued that the passport fraud and false statement charges were not properly joined under Rule 8(a), or in the alternative, that the District Court abused its discretion in declining to sever the charges under Rule 14(a). We reject this argument primarily because the passport fraud and false statement charges were "of the same or similar character." Fed. R. Crim. P. 8(a). "'Similar' charges include those that are 'somewhat alike,' or those 'having a general likeness' to each other." *Rivera*, 546 F.3d at 253 (quoting *United States v. Werner*, 620 F.2d 922, 926 (2d Cir. 1980)). Here, the passport fraud and false statement charges share a "general likeness" in terms of the alleged conduct. In both the passport fraud charges and the false statement charge, the defendant and a co-conspirator submitted a fraudulent application to a United States agency. In both instances, the application was submitted for the purpose of obtaining a document issued under the authority of the United States related to the defendant's ability to reenter and remain within the United States. And both offenses were prompted by the fact that the defendant was an illegal alien residing in the United States. On these facts, we are satisfied that the passport fraud charges and the false statement charge were substantially similar in character, and that joinder was therefore appropriate.[1] In the absence of error, we do not reach the issue of prejudice.

*The Government's Summations*

It is well established that "[t]he government has broad latitude in the inferences it may reasonably suggest to the jury during summation." *United States v. Edwards*, 342 F.3d 168, 181 (2d Cir. 2003) (internal quotation marks omitted). An improper remark by a prosecutor will justify reversal "only if it causes the defendant substantial prejudice by so infecting the trial with unfairness as to make the resulting conviction a denial of due process." *United States v. Carr*, 424 F.3d 213, 227 (2d Cir. 2005) (quoting *United States v. Shareef*, 190 F.3d 71, 78 (2d Cir. 1999)). In evaluating whether an improper comment caused substantial prejudice, this Court will consider: "(1) the severity of the misconduct; (2) the measures the district court adopted to cure the misconduct; and (3) the certainty of conviction absent the improper statements." *United States v. Burden*, 600 F.3d 204, 221–22 (2d Cir. 2010).

---

[1] Because the similarity of the passport fraud and false statement charges is clear from the face of the indictment, we do not reach the issue of whether a district court may properly consider evidence proffered by the government before trial in deciding a motion to sever.

3

In this case, Akande challenges certain statements in the government's summations as lacking evidentiary support. Specifically, Akande objects to the following statements: (1) that Williams "signed whatever [Akande] told her to sign" during her trip to Connecticut; (2) that Williams had just left Tallahassee, moved to Atlanta, and had "no particular contacts or career set up" when she first met Akande; and (3) that Williams called Akande when she either had a flat tire or needed other repairs on her automobile. With respect to the first statement, although Williams testified that she obtained a Connecticut identification card at the defendant's request, she did not specifically testify that she signed the paperwork containing false representations as to her domicile that he provided. With respect to the remaining statements, the government acknowledges that Williams did not testify about these matters at trial. In the context of the full trial record, however, it is clear that these remarks did not rise to the level of severe misconduct. *See Burden*, 600 F.3d at 222. At most, the prosecutor's comments were "an aberration in an otherwise fair proceeding," *United States v. Thomas*, 377 F.3d 232, 245 (2d Cir. 2004) (quoting *United States v. Elias*, 285 F.3d 183, 191 (2d Cir. 2002), and therefore cannot justify reversal.

*Other Arguments*

We have considered all of the arguments raised in Akande's supplemental *pro se* brief. With the exception of his ineffective assistance claim, we find his remaining claims to be without merit. Because the record is insufficiently developed to allow us to resolve Akande's ineffective assistance claim, we decline to hear it on direct review. *See United States v. Brown*, 623 F.3d 104, 112–13 (2d Cir. 2010).

## **CONCLUSION**

We reject all of the defendant's claims on appeal. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court