11-2808-cr
*United States v. Shaun Dozier*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of August, two thousand twelve.

PRESENT:

> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> PETER W. HALL,
> > *Circuit Judges.*

---

United States of America,

> *Appellee,*

> v.                                                     No. 11-2808-cr

Shaun Dozier,

> *Defendant-Appellant,*

Shannon Dozier, also known as Saine,
Samantha Samuels, Michael Whitehead,

> *Defendants.*

---

**FOR DEFENDANT-APPELLANT:**          B. Alan Seidler, New York, NY.

**FOR APPELLEE:**          Randall W. Jackson and Justin S. Weddle, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney, United States Attorney's Office for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Robert W. Sweet, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-appellant Shaun Dozier ("Dozier") appeals from the June 29, 2011 judgment of conviction entered by the District Court, convicting him, following a jury trial, of (1) conspiring to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A), and 846; (2) distributing and possessing with intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(A); and (3) possessing and using a firearm in furtherance of a conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Dozier was sentenced principally to 240 months of imprisonment and five years of supervised release. We assume the parties' familiarity with the underlying facts, the procedural history of this case, and the issues on appeal.

On appeal, Dozier argues that (1) the evidence was insufficient to support his conviction; (2) he received ineffective assistance of counsel; (3) the closure of the courtroom during the testimony of an undercover officer, as well as the anonymous testimony of that officer, deprived him of a fair trial; and (4) the Government improperly bolstered the credibility of two cooperating witnesses by introducing their cooperation agreements during its direct case. We consider each of these issues in turn.

*Sufficiency of the Evidence*

We review sufficiency challenges *de novo*. *United States v. Andino*, 627 F.3d 41, 49 (2d Cir. 2010). A defendant challenging the sufficiency of the evidence to support his conviction "bears a heavy burden," *United States v. Heras*, 609 F.3d 101, 105 (2d Cir. 2010) (internal quotation marks omitted), as the standard of review is "exceedingly deferential," *United States v. Hassan*, 578 F.3d 108, 126 (2d Cir. 2008). In evaluating a sufficiency challenge, "we must view the evidence in the light most favorable to the government, crediting every inference that could have been drawn in the government's favor, and deferring to the jury's assessment of witness credibility and its assessment

2

of the weight of the evidence." *United States v. Chavez*, 549 F.3d 119, 124 (2d Cir. 2008) (internal citations, quotation marks, and alterations omitted). We will uphold the judgment of conviction if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

In this case, the evidence of Dozier's guilt was more than sufficient. The evidence presented at trial included the testimony of two cooperating witnesses and two undercover New York Police Department officers, as well as physical evidence from the undercover drug purchases, audio and video recordings of the undercover drug purchases, and recorded phone calls made by Dozier from a federal jail. Together, the trial proof demonstrated Dozier's long-term participation in a violent narcotics distribution conspiracy. The fact that Dozier characterizes the cooperating witnesses as "low-life citizens of the Bronx," does not permit us to disregard or discount their testimony on appeal, since we must "defer[ ] to the jury's assessment of witness credibility." *Chavez*, 549 F.3d at 126 (internal quotation marks omitted).

*Ineffective Assistance of Counsel*

Dozier argues that his trial counsel rendered constitutionally ineffective assistance because counsel "would not permit" Dozier to testify on his own behalf at trial. "When faced with a claim for ineffective assistance of counsel on direct appeal, we may: (1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for [a] writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us." *United States v. Morris*, 350 F.3d 32, 39 (2d Cir. 2003). Because the record is insufficiently developed to allow us to resolve Dozier's ineffective assistance claim, we decline to consider it on direct review. *See United States v. Brown*, 623 F.3d 104, 112–13 (2d Cir. 2010).

*Courtroom Closure*

Dozier also contends that he was denied a fair trial because the District Court closed the courtroom during the testimony of one of the two undercover officers, and permitted that officer to testify using only his undercover number, rather than his name. But defense counsel explicitly consented to both of these procedures during the final pre-trial conference on November 5, 2008. *See* Add. 8 ("[T]he most recent communication you had from the government was a letter seeking that the courtroom be sealed. They could have called me; I have no objection to that, that's not a problem."); Add. 12 ("Everything they put [in the letter] in terms of not using his real name, I don't have a problem with any of that."). When the District Judge returned to the courtroom closure issue during a conference at the end of the trial day on November 7, 2008, both the government and

3

defense counsel stated that they had no objection to the court's findings or rulings. We conclude that Dozier knowingly and voluntarily consented to the closure of the courtroom during the testimony of the undercover officer and to the anonymous testimony of that officer. Dozier has therefore waived any Sixth Amendment objection to those procedures on appeal. *See United States v. Canady*, 126 F.3d 352, 359 (2d Cir. 1997).

*Cooperation Agreements*

Finally, Dozier argues that the Government improperly bolstered the credibility of its cooperating witnesses by introducing their cooperation agreements during its direct case. We review a district court's evidentiary rulings for abuse of discretion. *United States v. Al Kassar*, 660 F.3d 108, 123 (2d Cir. 2011); *see also Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining that the term of art "abuse of discretion" includes errors of law). Where, as here, the defendant fails to object to the admission of evidence, we review the admission only for plain error. Fed. R. Crim. P. 52(b).

Because of the potential for improper bolstering, the entirety of a cooperation agreement may be admitted only after the credibility of a cooperating witness has been attacked by the defense. *See United States v. Cosentino*, 844 F.2d 30, 33 (2d Cir. 1988). But where a defendant's opening statement attacks the credibility of a witness, the entirety of the cooperation agreement may be admitted during direct testimony. *Id.* at 34–35; *see United States v. Quinones*, 511 F.3d 289, 313 (2d Cir. 2007). In this case, defense counsel clearly launched his attack on the credibility of the cooperating witnesses in his opening statement. *See* Trial Tr. 43–44 ("[T]heir witnesses are not reliable people. Not reliable is not even a strong enough term."). This is clearly the type of defense attack on witness credibility that justifies the introduction of cooperation agreements during direct testimony. *See Cosentino*, 844 F.2d at 34–35 ("[T]he written text of a cooperation agreement may be admitted during a witness' direct testimony whenever a defense attack on credibility in opening has made evidence of the whole agreement admissible."). Accordingly, we conclude that the District Court did not err, much less plainly err, in admitting the cooperation agreements during the Government's direct case.

## **CONCLUSION**

We have considered all of Dozier's other arguments on appeal and conclude that each of them is without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

4