12-3788-cr
*United States v. Marks*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of March, two thousand fourteen.

PRESENT:

> BARRINGTON D. PARKER,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> > v.                                                    No. 12-3788-cr

CHAD MARKS,

> *Defendant-Appellant*,

NATHAN BROWN, RICHARD ROSS, JR., TOMMY HARDY, AKA WODY,

> *Defendants*.

_____

**FOR APPELLANT:**  JILLIAN S. HARRINGTON, Law Offices of Jillian S. Harrington, Monroe Twp., NJ

**FOR APPELLEE:**  JOSEPH J. KARASZEWSKI, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney, United States Attorney's Office for the Western District of New York, Buffalo, NY.

Appeal from an order entered in the United States District Court for the Western District of New York (David G. Larimer, *Judge*), denying his motion pursuant to Federal Rule of Criminal Procedure 33.

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

Defendant-Appellant Chad Marks appeals from a decision of the district court denying his motion pursuant to Federal Rule of Criminal Procedure 33 for a new trial based on alleged ineffective assistance of counsel.  The denial of that motion followed a hearing ordered by this Court on direct appeal in *United States v. Brown*, 623 F.3d 104 (2d Cir. 2010) ("Marks I").  In that appeal, Marks argued, among other things, that the district court erred when it refused to address his ineffective assistance claim prior to imposing sentence.  In this appeal, Marks argues that the district court abused its discretion by denying his Rule 33 motion and that the factual findings made by the district court were clearly erroneous. We assume the parties' familiarity with the underlying facts and the procedural history of the case as well as the issues on appeal.

## BACKGROUND

Between February 2003 and January 2004, Marks and the Government engaged in protracted plea negotiations. *See Marks I*, 623 F.3d at 107.  In late January 2004, the Assistant United States Attorney originally assigned to the case, John Kelly, learned that he would be transferring to Washington, D.C. and purportedly advised Marks's counsel, Donald Thompson, "on at least two occasions that, once a new prosecutor assumed responsibility for the case, any future

2

plea offers would likely be more onerous to Marks." *Id.* (internal quotation marks omitted).

Following Kelly's transfer, AUSA Everardo Rodriguez assumed responsibility for the case. *Id.* In May 2004, Rodriguez offered Thompson a plea bargain which would have required Marks to serve a 20-year term of imprisonment (the "20-year plea offer") and did not contemplate a reduction based on Marks's cooperation. *See id.* Rodriguez advised Thompson that Marks faced significant sentencing exposure if he did not accept the plea because two viable firearms charges could be brought against Marks under 18 U.S.C. § 924(c). *See Marks I*, 623 F.3d at 107-08. Thompson, according to Marks, failed to convey this offer to him.

In September 2004, the grand jury returned a superseding indictment adding two § 924(c) counts for possession of a firearm in furtherance of drug trafficking. *See id.* at 108. Shortly before trial was scheduled to begin, Marks moved: (1) to enter a plea of guilty pursuant to the terms of an unspecified plea offer purportedly made to him prior to January 2004 during his negotiations with Kelly; and (2) to direct the government to make a U.S.S.G. § 5K1.1 motion on his behalf. *Id.* Prior to trial, the district court ruled that it was not inclined to grant Marks's motion but would defer final consideration until after trial. *Id.* Ultimately, Marks was convicted on all counts including the § 924(c) counts. *See id.*

Following the verdict, Marks's counsel renewed the motion. *Marks I*, 623 F. 3d at 108. In response to the motion, Rodriguez attested that prior to presenting the § 924(c) charges to the grand jury, he had extended the 20-year plea offer to Thompson and that it had not been accepted. *Id.* According to Marks, it was at this point that he first learned of the existence of the 20-year plea offer. *Id.*

In February 2007, at a hearing to address Marks's motion, Marks also presented a *pro se* petition for habeas relief pursuant to 28 U.S.C. § 2241 alleging ineffective assistance of counsel based on his attorney's failure to tell him of the 20-year plea offer. *Id.* at 109. The district court

3

denied both the motion to plead guilty and the habeas petition. *Id.* The district court ultimately sentenced Marks principally to concurrent 10-year terms of imprisonment on each drug trafficking conviction, a consecutive 5-year term on the first § 924(c) conviction, and a consecutive 25-year term on the second for an aggregate of 40 years of imprisonment. *See United States v. Marks*, 890 F. Supp. 2d 248, 249 (W.D.N.Y. 2012)("Marks II").

Marks appealed. *Marks I*, 623 F.3d at 110. In *Marks I*, we considered, among other things, whether the district court erroneously denied his motions seeking to require the government to move for a downward departure pursuant to § 5K1.1 based on the terms of the unspecified plea offer allegedly made by Kelly and whether the district court abused its discretion when it refused to address Marks's ineffective assistance claim prior to imposing sentence. This Court affirmed the judgment of the district court denying Marks's motion to require the government to move under § 5K1.1. We also concluded that the district court should have entertained Marks's claim of ineffective assistance of counsel prior to sentencing and remanded the case to the district court for consideration of what we characterized as Marks's motion for a new trial pursuant to Federal Rule of Criminal Procedure 33 based on alleged ineffective assistance of counsel.

On remand, the district court conducted an evidentiary hearing in which both Marks and Thompson testified and the court received into evidence an affidavit of Rodriguez. *Marks II*, 890 F. Supp. 2d at 250. The district court also received into evidence correspondence between Marks and his counsel during the several years the case was pending.

After the hearing, the district court denied Marks's motion. The district court found that the 20-year offer was made by Rodriguez to Thompson in May 2004. Although, the district court was "unable to determine with certainty whether or not the offer was conveyed" to Marks, *id.* at 257, it nevertheless concluded that even assuming the offer had not been conveyed "there was no reasonable probability of Marks committing himself to be sentenced to twenty years without the

4

possibility of trying for a reduction based on his cooperation . . . ." *Id.* at 253. Accordingly, the district court found that Marks had "failed to establish that there was a reasonable probability that he would have accepted the unconveyed offer." *Id.* at 257. This appeal followed.

**DISCUSSION**

Marks now argues that the district court abused its discretion by denying his motion because its findings that he would have rejected the 20 year plea offer are not supported by the record. This Court reviews a district court's denial of a Rule 33 motion for abuse of discretion and the factual findings in support of that decision for clear error. *See, e.g.*, *United States v. Rigas*, 583 F.3d 108, 125 (2d Cir. 2009); *United States v. Imran*, 964 F.2d 1313, 1318 (2d Cir. 1992). Because the ultimate question of counsel's ineffectiveness "is not a question of basic, primary, or historical [fact]," *Strickland v. Washington*, 466 U.S. 668, 698 (1984) (internal quotation marks omitted, alteration in original), but rather is a mixed question of law and fact, the issue of whether Marks's counsel rendered ineffective assistance is subject to *de novo* review. *See id.*; *Bennett v. United States*, 663 F.3d 71, 85 (2d Cir. 2011) (citing *Chang v. United States*, 250 F.3d 79, 82 (2d Cir. 2001)).

A defendant's right to counsel as guaranteed by the Sixth Amendment "is the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). In order to prevail on an ineffective-assistance-of-counsel claim, Marks must meet the two-prong test established by *Strickland*, 466 U.S. 668: (1) he "must show that counsel's performance was deficient," so deficient that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," and (2) he must show "that the deficient performance prejudiced the defense," in the sense that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687, 690, 694.

5

Two recent Supreme Court cases illustrate the considerable burden a defendant must sustain in order to establish *Strickland* prejudice in the plea context. In *Missouri v. Frye*, – U.S. –, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, – U.S. –, 132 S. Ct. 1376 (2012), the Court found that in order to establish *Strickland* prejudice, a defendant must show that but for the ineffective assistance of counsel there is a reasonable probability that the defendant would have accepted the plea. *See Frye*, 132 S. Ct. at 1409; *Lafler*, 132 S. Ct. at 1385.

The district court did not credit Marks's testimony and concluded that he did not carry his burden of demonstrating prejudice because he had not demonstrated a reasonable probability that he would have taken the uncommunicated plea offer. The district court emphasized Marks's failure to accept any of the other proffered pleas within the 20 year range and also specific correspondence from Marks which consistently expressed his desire to obtain a plea agreement below the ten-year minimum sentence applicable to the drug trafficking charges because of the perceived value of his cooperation. Reviewing the record *de novo,* we see no abuse of discretion nor do we see any basis for disturbing the district court's factual findings, particularly its credibility determinations. This deference is particularly appropriate here, given the district court's experience with the parties, its familiarity with the record, and its unique opportunity to judge the credibility of witnesses it observed firsthand. *See Bennett*, 663 F.3d at 85; *see also* Fed. R. Civ. P. 52(a); *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985). Although Marks contends that his correspondences with counsel demonstrate a reasonable probability that he would have accepted the plea, based on our independent review of the record we cannot say the district court erred in finding that Marks failed to meet his burden of establishing a reasonable probability that he would have accepted the plea if relayed.

We have carefully considered Marks's remaining arguments and find them to be without merit.

6

## CONCLUSION

For the reasons stated above, we **AFFIRM** the District Court's September 12, 2012 order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk